2-1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

UNITED STATES OF AMERICA        )        MO-14-CR-93
                                )
                                )
VS.                             )        **Jury Trial Vol. 2**
                                )
                                )
ERIC WARNER CAWTHON             )        July 15, 2014


**BEFORE THE HONORABLE ROBERT JUNELL
UNITED STATES DISTRICT JUDGE
In Midland, Texas**

**FOR THE GOVERNMENT:**        **MR. JOHN S. KLASSEN
                               MR. AUSTIN BERRY**
                               Assistant United States Attorneys
                               400 W. Illinois, Suite 1200
                               Midland, Texas  79701
                               (432) 686-4110


**FOR THE DEFENDANT:**         **MR. DAVID G. ROGERS**
                               Fivecoat & Rogers
                               214 W. Texas Avenue, Suite 811
                               Midland, Texas  79701
                               (432) 620-8774


**COURT REPORTER:**            **MR. TODD ANDERSON, RMR, CRR**
                               United States Court Reporter
                               1100 Commerce, Rm. 1625
                               Dallas, Texas  75242
                               (432) 686-0605




        The above-styled and numbered cause was reported by
mechanical stenography and produced by computer.

2-2

INDEX

Objections to the Court's Instructions to the Jury....... 3

Verdict.......................................... 14

Jury polled...................................... 14

| DEFENDANT'S EXHIBIT | Marked | Received |
|---|---|---|
| 1  "Entrapment" | 4 | |

2-3

(July 15, 2014)

(Defendant present)

THE COURT:  All right.  It is 8:58.  We're outside the presence of the jury.  The attorneys are present, and Mr. Cawthon is present.

The first thing we want to take up is the Court's Instructions to the Jury.  I have provided a copy of the Court's Instructions to the Jury.  On the bottom left-hand corner it should say July 14, 2014, at 4:12 p.m.

And, Mr. Berry, does the Government have any objections to the Court's proposed Instructions to the Jury and verdict form?

MR. BERRY:  No, Your Honor.

THE COURT:  And, Mr. Rogers, does the Defendant, Mr. Cawthon, have any objections to the Court's proposed Instructions to the Jury and verdict form?

MR. ROGERS:  Two, Your Honor.  One, again, we would reurge, just so it's clear everywhere in the record, our Rule 29 motion for judgment of acquittal.

Secondly, the Fifth Circuit Pattern Jury Charge 1.28 -- and I will tender a copy as Defendant's Exhibit 1 of entrapment.  It should be included as evidence of entrapment.

When we first see the series of texts, it's Agent Knight that says she's bored or he's bored.  And in the

2-4

phone conversation it appears that Mr. Cawthon is going to stop, and the agent or the DPS officer -- I can't remember where she works -- continued to say, "What are we going to do next?" entrapping him to go further.

That's the evidence I have there, Judge.

May I approach?

THE COURT:  You may.

MR. ROGERS:  There's our tendering.

THE COURT:  Mark that as Defendant's Exhibit 1 to the record, not to go to the jury.

MR. ROGERS:  Correct, Your Honor.  That's all I have.

(Defendant's Exhibit No. 1 marked)

THE COURT:  Okay.  Entrapment only occurs if the Government implants in an innocent person's mind the disposition to commit a criminal act, and then induces commission of the crime so that the Government may prosecute, Jacobson versus United States, 503 U.S. 540, or when the Government causes an offense to be committed by a person other than one ready to commit it.  And that's from the Theagen case, T-H-E-A-G-E-N [sic].

The critical determination in an entrapment defense is whether the criminal intent originated with the defendant or with Government agents.  Simply providing a defendant with the opportunity to commit an offense -- as

2-5

was the case here -- does not, in itself, equate inducement. See United States versus Ogle, O-G-L-E, 328 F.3d 182, a 2003 Fifth Circuit case.

Moreover, the Government's posting of a public advertisement cannot be considered as initiating the conversation with the defendant because he was unknown to the agents at the time of its posting and until defendant responded. U.S. versus Cherian, C-H-E-R-I-A-N, 2003 Westlaw 261839, a 2003 Fifth Circuit case unpublished.

Further, Defendant was the first to propose the sexual rendezvous, again suggesting he was predisposed to commit the offense and not induced by Government action, all of which came after learning the girl was only -- what, she's 14 in this case? 14 years old.

The Defendant asked -- I won't go through the factual basis, the facts, but there were different things in the facts that make a difference. He offered to pay her -- the Defendant asked whether the girl could get a ride to meet him. He even offered to pay her friend $10.00 in gas money to have her brought to him. The Defendant also demonstrated active, enthusiastic participation by asking for a picture of her only minutes after learning her age and commented on her attractiveness. See U.S. versus Nelson, 732 F.3d 504, a 2013 Fifth Circuit case. Active, enthusiastic participation is another factor that

2-6

demonstrates predisposition.  He also asked her to wear a short skirt and no panties and call him daddy when they met up.  Two hours after beginning this conversation with the 14-year-old, the Defendant showed up to meet with the young girl.

Therefore, the Court denies an entrapment instruction because the Defendant was not known to the agents before he responded to the public posting; Defendant was the first to suggest the sexual rendezvous; and Defendant actively and enthusiastically participated in the sexual conversation.  So your request for an instruction is denied.

And your Rule 29 for the previous reasons I've already said is also denied.

The parties have agreed to 25 minutes a side for argument.  The Government wants its divided 20 and 5.  I will give everybody a two-minute warning.

And then whatever time, Mr. Berry, you don't use we'll keep it over for the last part.  And any part you go over, then I will take it away from the last part.

Are we ready to bring the jury in?

MR. BERRY:  Yes, sir.

THE COURT:  Ready, Mr. Rogers?

MR. ROGERS:  Yes, Your Honor.

THE COURT:  All right.  Let's bring the jury in,

2-7

please.

(Jury in)

THE COURT:  Please be seated.

Good morning.  It's 9:05, and we're back in the courtroom with the jury.  The attorneys are present. Mr. Cawthon is present.

Ladies and gentlemen, in your chair you have a copy of a document entitled Court's Instructions to the Jury.  And it should say in the bottom left-hand corner on the first page July 14, 2014, at 4:12 p.m.  Does everybody have that version?  Good.

And what this is, this is the law that you took an oath that you would follow in applying the facts that you find from the evidence in this case.

And what our procedure is going to be, is that I'm going to read aloud the Court's Instructions to the Jury down to about the next-to-last page.  And I would ask you to follow along with your copy.  You feel free to mark on it, write on it, anything you would like to do or not do to it. That is -- that's your copy right there.  So feel free to do so if you would like to.

Then I will recognize Mr. Berry to make an opening closing argument on behalf of the Government, then Mr. Rogers to make a closing argument on behalf of Mr. Cawthon.  And then I will recognize Mr. Berry to make a

final closing argument on behalf of the Government.

The Government gets to open the closing arguments and conclude it because it has the burden of proof beyond a reasonable doubt to prove the Defendant guilty in this case.

So if you would follow along with me, please.

(The Court's Instructions to the Jury were requested but were not transcribed pursuant to Court Order)

THE COURT: Now, I'm going to stop right there and recognize Mr. Berry to make an opening closing argument on behalf of the Government.

Mr. Berry.

MR. BERRY: Thank you, Your Honor. May it please the Court.

THE COURT: Yes, sir.

MR. BERRY: Mr. Rogers, Mr. Cawthon.

(Closing statements were requested but were not transcribed pursuant to Court Order)

THE COURT: Ladies and gentlemen, if you would go now to page 10 of your jury instructions, please.

"Duty to Deliberate.

"To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on Count One of the indictment. Your deliberations will be secret. You will never have to

explain your verdict to anyone.

"It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

"Remember, at all times, you are the judges -- judges of the facts.  Your duty is to decide whether the Government has proved the Defendant guilty beyond a reasonable doubt.

"When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

"Verdict Form.

"A form of verdict has been prepared for your convenience.  The foreperson will write the unanimous answer of the jury in the space provided for Count One of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign

2-10

the verdict."

Now, you'll -- you have pencils.  If the foreperson would use a pen when doing on the verdict form, I would appreciate it.

"If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Courtroom Security Officer.  I will either reply in writing or bring you back into court to answer your message.

"Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on Count One of the indictment, until after you have reached a unanimous verdict."

Now, we're going to lose our two faithful alternates at this time.  Mr. Whitaker and Ms. Vander-Zanden has faithfully served.  You can't imagine how many times we have an emergency occur or something like that comes up during the trial.  And so if we only had 12, we would have to declare a mistrial and start all over again.  So you serve a very, very valuable purpose in being here, and we appreciate it.

Did either one of you leave anything back in the jury room?

Ms. Vander-Zanden, would you come around, please, ma'am?  Just put your papers right there and just walk

2-11

around here.

Did you leave anything, Mr. Whitaker?

Okay.  And if you will go back with the Security Officer and then come back.  She's going to get your purse or whatever it is, and then come back for us.

(Pause)

THE COURT:  Ladies and gentlemen, it will take us a few minutes to get the exhibits together, and then we'll send them back into the jury room.

If you want to play anything, we have computers back there.  I'll send -- there's a password, and I will give one of y'all the password on how you get onto the computer that's in there.

And so that's entirely up to you, though.  If you want to see any of this or watch any of it or listen to any of it, that's entirely up to you what you want to do.  But we do have that available.  And I will send the password back to you.  And if you have any problems, send a note out, and we'll send our technical advisor back in there to get the thing working.  He's 17 years old.  That's the only people that can work this kind of equipment, so --

(Pause)

THE COURT:  And Mr. Whitaker and Ms. Vander-Zanden, if y'all would just keep your seats there for a second, the rest of us are going to stand while the

2-12

jury goes out and begins its deliberations.

That's all right.  Stand up, sit down, whatever you want to do.  That's fine.  I'll give you some more instructions here in a second.

(Jury out at 10:00)

THE COURT:  Thank you so much for your service. You just -- our system would not work if our citizens didn't participate in it.

I'm going to ask you not to discuss the case or do any investigation about it until about 5:00 this afternoon. After 5:00, then we should have a verdict by 5:00.  But if something happened to one of our jurors, we would have to call one or both of you back.  But after 5:00, we should have a verdict.  And after that time, you're free to talk about the case or not talk about the case.  That is entirely up to you.

We have some certificates that we would like to award you for your service here on the jury.  And, again, we thank you very, very much.

And, Ms. Weddell, would you see them out of the courtroom, please, ma'am?

Again, thank you very much.

(Pause)

THE COURT:  I want to thank the attorneys for their advocacy -- fine advocacy and their civility to one

2-13

another and to the Court.

And I would ask you to come up and go through the exhibits with Mrs. LaForge and so only those exhibits that were actually admitted into trial go back to the jury room.

And I'm going to give them the password for the computer back there. And if you will send this in, Mrs. LaForge. I'm just going to write "password is" --

(Pause)

THE COURT: Okay. With that, we will stand in recess pending receipt of a note or a verdict from the jury.

Thank you.

(Recess from 10:01 to 11:05)

THE COURT: It's five minutes after 11:00. We're outside the presence of the jury. The attorneys are present. Mr. Cawthon is here.

I've received a note from the jury that they have reached a verdict.

So if we could bring the jury in, please.

(Jury in)

THE COURT: All right. Let's be seated.

It's seven minutes after 11:00. We're in the courtroom with the jury. And the attorneys are present. Mr. Cawthon is present.

Who speaks for the jury?

Mr. Anderson, has the jury reached a unanimous

2-14

verdict on the one count of the indictment?

JUROR ANDERSON:  Yes, we have, Your Honor.

THE COURT:  Would you mind giving the verdict form to the Courtroom Security Officer, please?

(Pause)

THE COURT:  Mrs. LaForge, would the clerk please read the verdict?

THE CLERK:  In the matter of MO-14-CR-093, the United States of America versus Eric Warner Cawthon, the verdict is as follows:

"Count One.

"We the jury find that Defendant Eric Warner Cawthon is guilty of the offense charged in Count One of the indictment."

Signed the 15th day of July, 2014, by the jury foreperson.

THE COURT:  Mr. Rogers, do you desire to have the jury polled?

MR. ROGERS:  Yes, Your Honor.

THE COURT:  Y'all may be seated.

Ladies and gentlemen, as I call your name, if this is your verdict that was read by Mrs. LaForge, the clerk, say, "yes."  If it was not your verdict, say, "no."

Mr. Hobbs, is this your verdict?

JUROR HOBBS:  Yes, sir.

2-15

THE COURT:  Mr. Huckaby, is this your verdict?

JUROR HUCKABY:  Yes.

THE COURT:  Ms. Jones, is this your verdict?

JUROR JONES:  Yes.

THE COURT:  Mr. Rasor, is this your verdict?

JUROR RASOR:  Yes.

THE COURT:  Ms. Bledsoe, is this your verdict?

JUROR BLEDSOE:  Yes.

THE COURT:  Mr. Springer, is this your verdict?

JUROR SPRINGER:  Yes.

THE COURT:  Ms. Kendall, is this your verdict?

JUROR KENDALL:  Yes.

THE COURT:  Ms. Alderete, is this your verdict?

JUROR ALDERETE:  Yes.

THE COURT:  Mr. Neusch, is this your verdict?

JUROR NEUSCH:  Yes, sir.

THE COURT:  Ms. Clark, is this your verdict?

JUROR CLARK:  Yes.

THE COURT:  Mr. Lyle, is this your verdict?

JUROR LYLE:  Yes, sir.

THE COURT:  And, Mr. Anderson, is this your verdict?

JUROR ANDERSON:  Yes, Your Honor.

THE COURT:  I find that the verdict is in proper form.  I ask that it be filed with the papers in this case,

2-16

and it will be incorporated into a final judgment at time of sentencing.

Ladies and gentlemen, thank you for your service. Our court system and legal system would not work unless our citizens participated in it.  And we certainly all appreciate your time that you have spent here the last few days.

You're now excused from the instructions I gave you about not talking about the case.  You are free to talk about the case or not talk about the case.  That is entirely up to you.

I'm going to ask you to go back.

And if you would take them into my chambers.

And then I will be back there in just a second to see if you have any questions that you would like to ask me about the case.  And, again, we all appreciate very much your service.

Let's all rise for the jury, please.

(Jury out)

THE COURT:  All right.  Please be seated.

Mr. Cawthon, a presentence report will be prepared to assist me in sentencing you.  A U.S. probation officer will be assigned to come and get some background information from you.  Mr. Rogers can be present for that interview.

You will have an opportunity to object to the

2-17

application of the U.S. Sentencing Guidelines and anything within the presentence report.  And both you and Mr. Rogers will have an opportunity to address the Court at sentencing.

Your sentencing date will be --

THE CLERK:  September the 25th at 9:00 a.m.

THE COURT:  September 25th at 9:00 a.m.  And as we get closer to that date, it may move a little bit timewise or within a day or two of that date, depending on what our trial schedule is then.

Mr. Berry, anything else from the Government?

MR. BERRY:  No, Your Honor.

THE COURT:  Mr. Rogers, anything else from the Defendant?

MR. ROGERS:  Mr. Cawthon and I have discussed, Your Honor, the possibility of an expedited sentence since it is a mandatory minimum.  If it's not possible, it's not possible.  But it looks to me like the guideline range is going to be 30, criminal history category zero, and he's going to get ten.

I recognize there's some background information that needs to be taken, but if possible we would like to expedite it.

THE COURT:  Okay.  I'll check with --

Do you have any objection to that, Mr. Berry?

MR. BERRY:  Well, the range is ten to life, but

2-18

while his range may be below that, the option would still be ten to life.  It's not a guaranteed 10-year sentence.

I don't have any opposition to trying to speed it along, but I do think Probation needs an opportunity to fully evaluate his background.

THE COURT:  I think they think they will, too.  So we'll inquire from them and see about that.

All right.  Mr. Cawthon is remanded back into the custody of the U.S. Marshals.

This Court is adjourned until tomorrow morning at 8:00 --

THE CLERK:  9:00.

THE COURT:  At 9:00 a.m.  Thank you.

(Jury trial adjourned at 11:10 a.m.)

2-19

I, TODD ANDERSON, United States Court Reporter for the United States District Court in and for the Northern District of Texas, Dallas Division, hereby certify that the above and foregoing contains a true and correct transcription of the proceedings in the above entitled and numbered cause.

WITNESS MY HAND on this 8th day of October, 2014.


/s/Todd Anderson
TODD ANDERSON, RMR, CRR
United States Court Reporter
1100 Commerce, Rm. 1625
Dallas, Texas  75242
(214) 753-2170