IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION


UNITED STATES OF AMERICA,        *     No. MO-14-CR-0093
                                 *
        Plaintiff,               *
                                 *
VS.                              *     SEPTEMBER 23, 2014
                                 *
ERIC WARNER CAWTHON,             *
                                 *
        Defendant.               *     MIDLAND, TEXAS
                                 *
                                 *

-----------------------------------------------------------------
TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE ROBERT JUNELL
UNITED STATES DISTRICT JUDGE
-----------------------------------------------------------------


APPEARANCES:

  For the Government:        UNITED STATES ATTORNEYS OFFICE
                             BY: MS. VIOLET LATAWN WARSAW
                             Assistant U.S. Attorneys
                             400 West Illinois Street, Suite 1200
                             Midland, Texas  79701


  For The Defense:          FIVECOAT AND ROGERS, PLLC
                            BY: MR. DAVID ROGERS
                            214 West Texas Avenue Suite 811
                            Midland, Texas  79701


Proceedings recorded by mechanical stenography, transcript
produced by Computer-Aided transcription.

(9:05:53 A.M., START TIME)

THE COURT:  Good morning.  We had an electrical shortage yesterday -- well, it was before yesterday -- and so we don't -- everything came back on -- the lights and computers -- but the sound did not come back on.  So everybody's going to have to talk loudly to get it down -- so the court reporter can get it down and everything.  So I've been told they're working on it, but, you know, we're the government, so you know how that goes.

So, would the clerk call the first case, please.

COURTROOM DEPUTY:  Court calls MO-14-CR-093, the United States of America versus Eric Warner Cawthon.

AUSA WARSAW:  Latawn Warsaw for the government.  Good morning.

MR. ROGERS:  Judge, David Rogers.  I'm here with my client.  We're present and ready to proceed.

THE COURT:  Mr. Cawthon, would you state your name for me, please.

DEFENDANT CAWTHON:  Eric Warner Cawthon.

THE COURT:  And Mr. Cawthon, are you the defendant in this case?

DEFENDANT CAWTHON:  Yes, sir.

THE COURT:  And you understand we're here this morning for sentencing?

DEFENDANT CAWTHON:  Yes, sir.

THE COURT:  Did you receive a copy of the written Presentence Investigation Report?

DEFENDANT CAWTHON:  Yes, sir.

THE COURT:  Did you read that report?

DEFENDANT CAWTHON:  Yes, sir.

THE COURT:  And did you discuss that report with your attorney?

DEFENDANT CAWTHON:  Yes, sir.

THE COURT:  And Mr. Rogers, did you receive a copy of the report and discuss it with your client?

MR. ROGERS:  I did, Your Honor.

THE COURT:  And I know you filed an objection under 2(g)1.3, paren little "b," paren "3," that a cell phone is not a computer.  That's under paragraph 13.

I think it would not have any affect; however, I ruled on the guideline sentence in this case.

MR. ROGERS:  It absolutely would not, Your Honor.

THE COURT:  Okay.  And there is case law in the Fifth Circuit, as cited by the probation officer, that says a cell phone qualifies for a -- as a cell phone -- excuse me.  A cell phone qualifies as a computer when used in this garden for that particular guideline.  So I would have overruled that objection anyway.  But it doesn't change the guidelines, even if I had granted it.  Would you agree with that?

MR. ROGERS:  Yes, Your Honor.

THE COURT:  Okay.  Any -- any other objections?

MR. ROGERS:  Not until we argue the fine and that sort of thing.

THE COURT:  All right.  And does the government have any objections?

AUSA WARSAW:  No Your Honor.

THE COURT:  I have reviewed the Presentence Investigation Report prepared by U.S. Probation Officer Jason Crouch.  I find the report accurate and correct and I adopt the report and the application of the U.S. Sentencing Guidelines contained in the report.

The Total Offense Level is a 30, the Criminal History Category a One; the guideline range for custody is the statutory mandatory minimum pursuant to 18 United States Code, Section 2422, paren little "b", of 120 months to 121 months; the defendant is ineligible for probation; supervised release is five years to life; the fine range is $15,000 to $150,000; and the special assessment to the Crime Victims Fund is $100.

Mr. Cawthon, I'd be glad to hear from you and Mr. Rogers on anything that you would like for me to know before I pronounce sentence in your case.

DEFENDANT CAWTHON:  Well, Your Honor, I -- I wrote a letter to the Court.  I don't know if it got misplaced or whatnot.

THE COURT:  I -- I got -- I did get your letter, and I

read and got a number of other letters from members of your family and worker people you worked with and things likes that. And I appreciate everybody sending those letters to me.

DEFENDANT CAWTHON:  Yes, sir, I just wanted to state that in the -- the letter I stated when I received the guilty verdict, I incurred a debt to society.  I just was hoping that it wasn't -- I don't believe that the debt is as large as the punishment is required.

THE COURT:  Okay.  You understand that -- and I'm sure Mr. Rogers explained to you -- he's a very good attorney -- that this is a sentence in which the Congress has set what the sentence would be.

DEFENDANT CAWTHON:  Yes, sir.

THE COURT:  And that I have no authority to go below that sentence.  You understand that?

DEFENDANT CAWTHON:  Yes, sir.  I just --

THE COURT:  Yes, sir.

DEFENDANT CAWTHON:  I mean, there was a -- a man that I was incarcerated with, he actually had pictures and he got 21 months.  I'd --

THE COURT:  Sir, and again --

DEFENDANT CAWTHON:  -- I'd have been better off had I actually done the offense instead of just enticement.

THE COURT:  Yes, sir.

DEFENDANT CAWTHON:  I just want that known, Your

Honor.

THE COURT:  Thank you, sir.

Where do you want to spend your time?

DEFENDANT CAWTHON:  I'd like to go to Big Spring or Seagoville.

THE COURT:  Initially, I'm going to have you go to a facility in North Carolina so that you can go through a program there, and then they can transfer you back to -- to Texas once you finish that program.  Okay?

DEFENDANT CAWTHON:  All right, sir.

THE COURT:  Mr. Rogers, what would you like to add?

MR. ROGERS:  He'd also like the 500-hour drug treatment program.  I think he expressed in the PSI a willingness to attend.  And he revealed that at one point in his life, you know, he had a severe alcohol problem.

I don't know if you want to add anything to that or...

DEFENDANT CAWTHON:  It was a -- a bad time in my life. And my father's an alcoholic.  And I think that the drug treatment class and -- and/or the alcohol treatment class would be beneficial because the -- the things that kept me from doing those type of things are no longer there.

THE COURT:  Okay.  All right.

Mr. Rogers, you wanted to talk about a fine or restitution or anything like that; did you say?

MR. ROGERS:  Yes, Your Honor.  I don't think any rest -- I understand the 100-dollar special assessment fee, but as far as any type of fine, we disagree that he has the ability to pay.  He does have court-appointed counsel in this case.

As the Court knows, the Court sat through the trial on this case, and he was a -- a truck driver and he currently has a CDL.  That CDL will expire in September of 2016.

DEFENDANT CAWTHON:  Yes, sir.

MR. ROGERS:  And there's no way for him to renew it if it has to be renewed in person.  He's been a -- a truck driver, I think --

Since you got out of the Marine Corps?

DEFENDANT CAWTHON:  Yes, sir.

MR. ROGERS:  And this has been his primary job.  So at least when he gets out of prison, he's not going to have the means to be a truck driver any more, whether probation will continue to allow him to drive trucks.  I can't answer that.

So while he has minimal debts, he's not going to have a job.  Plus he's going to have a severe offense.  We'd ask that no fine be set.

Obviously, Judge, we'd ask for the 120 months.

THE COURT:  Okay.  And Ms. Warsaw, what does the government have?

AUSA WARSAW:  The government has nothing further, Your Honor.

THE COURT:  I'm not departing from the recommended sentence, pursuant to the Sentencing Reform Act of 1984, which I have considered in an advisory capacity and the sentencing factors set forth in 18 United States Code, Section 3553(a), which I have considered in arriving at a reasonable sentence.

And the fact that this is a mandatory minimum sentence, pursuant to 18 United States Code, Sections 2422(b), the following sentence is imposed:  Eric Warner Cawthon is placed in the custody of the U.S. Bureau of Prisons to serve a term of imprisonment of 120 months.  I'm going to recommend that initially he go to the men's facility at Butner, North Carolina and to test -- participate in a sex offender treatment program there.  That he'll also get mental health counseling, participate in the 500-hour drug treatment program and other education and job training.

Upon release from the Bureau of Prisons, you're placed on supervised release of term of ten years.  The general terms of supervised release are those sets with the U.S. Courts for the Western District of Texas.

Your special terms of supervised release are as follows:  You shall not reside anywhere where firearms are possessed or stored.  You shall abstain -- that means you cannot use any intoxicant, including alcohol, marijuana, synthetic marijuana or bath salts while on supervision.  You shall participate in a workforce development program until

successfully discharged from that program by your probation officer.  You shall attend and participate in a mental health treatment program and/or offender treatment program by a licensed sex offender treatment providor and/or other sex offender treatment program approved and directed by your probation officer.  You shall abide by all program rules, requirements and conditions of a sex offender treatment program, including submission to polygraph testing, to determine if you're in compliance with the conditions of release.

You may be required to contribute to the cost services rendered in an amount to be determined by your probation officer, based on your ability to pay.

You shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist and continue those restrictions, as they pertain to avoid any risk situations throughout the course of supervision.  This includes not residing or going to places where a minor or minors are known to frequent without prior approval of the probation officer.

You shall not associate with any child or children under the age of 18, except in the presence and supervision of an adult specifically designated in writing by the probation officer.  The probation officer will notify the designated adult of risk occasioned by the defendant's criminal's record or personal history or characteristics.  And you shall permit the probation officer to make such notifications.

You shall reside in a residence approved in advance by the probation officer.  Any changes in the residence must be preapproved by the probation officer.

You shall not reside within 1,000 feet of the real property comprising a public or private elementary, vocational or secondary school or a public or private college, junior college, university or playground or a housing authority owned by a public housing authority or within 100 feet of a public or private youth center, public swimming pool or video arcade facility without prior approval of the probation officer.

You shall refrain from purchasing, possessing or using any sexually stimulating or sexually oriented materials, including but not the limited to pornographic books, magazines, photographs, films, videos, DVDs, computer programs or any other media for portrayal of the same.

You shall not access the internet in any manner, using any electronic device at any location without the prior written approval of your probation officer.  This includes subscribing to an internet service provider, bulletin board system or using any other public or private computer network.

You shall not use any computer at any location without the prior written permission of the probation officer.

You shall not possess or use a phone or any other electronic device that allows access to the internet without the prior written permission of the probation officer.

If you are required to register under the Sex Offender Registration and Notification Act, you shall submit your person and any property, house, residence, vehicle, papers, computers, other electronic communications or data storage devices or media and effects to search at any time with or without a warrant by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

I find that you do not have the ability to pay a fine.  You are required to pay the mandatory special assessment to the Crime Victims Fund of $100.

Mr. Cawthon, you have the right to appeal your sentence and conviction.  Any notice of appeal must be filed within 14 days from today in writing.  If you cannot afford an attorney to represent you on appeal, an attorney will be appointed for you.

Two other documents need to be filed in -- within ten days after you file your notice of appeal.  One is a designation of those portions of the record that you want to have taken up on appeal; the transcripts of the hearings and the trial and things likes that.  And then if you cannot afford a copy of the record, to appeal to -- you need to file a request to appeal in forma pauperis; that is you want the government to

pay for the cost of the appeal.

And I don't know if I put this back, but I put Butner, North Carolina, and then after you finish those programs, that you be transferred back to a facility in the state of Texas somewhere.

Ms. Warsaw, anything else from the government?

AUSA WARSAW:  No, Your Honor.

THE COURT:  Anything else, Mr. Rogers?

MR. ROGERS:  Your Honor, I advised him -- he does want to appeal the case -- that I would go ahead and file the notice of appeal and then file a motion to withdraw so another lawyer can be appointed to look everything over.

THE COURT:  Okay, we'll do that.  So we'll get an appellate lawyer appointed for you.  But you also need to file a request to appeal in forma pauperis.  If you would do that as well.

MR. ROGERS:  Yes, Your Honor.

THE COURT:  Mr. Cawthon, any you questions at all?

DEFENDANT CAWTHON:  No, sir.

THE COURT:  Do you have some family members here today?

DEFENDANT CAWTHON:  Yes, sir.

AUSA WARSAW:  We really appreciate them being here today.  Probably they came from a long way away, and we appreciate it.  And again, I -- I apologize for shouting at you

this morning, but we don't have a sound system and -- this is not my normal voice by any means.

So, anyway.  Good luck to, sir.

At this time you're remanded back to the custody of the U.S. Marshals.

DEFENDANT CAWTHON:  Thank you, sir.

THE COURT:  Yes, sir.  And I appreciate the family members being here today.

(9:18:34 A.M., END TIME)

-oOo-

**C E R T I F I C A T E**

U.S. DISTRICT COURT          )

WESTERN DISTRICT OF TEXAS )

MIDLAND DIVISION             )

I, Vickie-Lee Garza, Certified Shorthand Reporter, do hereby certify that the above-styled proceedings were reported by me, later reduced to typewritten form, and that the foregoing pages are a true and correct transcript of the original notes to the best of my ability.

Certified to by me this 3rd day of November, 2014.

/s/  VICKIE-LEE GARZA
TX CSR #9062, Expires 12/31/14
P.O. Box 2276
Del Rio, Texas  78841